[No. 1381.]

## J. J. MONTGOMERY v. THE STATE.

1. MISCONDUCT OF THE JURY—PRACTICE—NEW TRIAL.—In support of his motion for a new trial, the defendant filed the affidavit of a juror setting up that he was coerced into a verdict of guilty by the charge of another juror that he was put upon the jury for the express purpose of hanging it. *Held*, that a juror cannot be permitted to impeach his verdict in such manner, and it was not error to refuse a new trial applied for on such ground.

2. SAME.—That two of the jurors trying the case agreed to a verdict of conviction upon the agreement that the jury would sign a petition to the Governor for a pardon to the defendant, is not such misconduct as will authorize a new trial, and the court did not err in refusing a new trial applied for upon affidavits setting up such facts.

3. FORGERY—EVIDENCE.—The evidence in this case is the same as that adduced on a former trial (see 12 Texas Court of Appeals Reports, p. 323), and is held insufficient to sustain a conviction for forgery.

APPEAL from the District Court of Cooke. Tried below before the Hon. C. C. Potter.

This is a second appeal in this case from a conviction for the forgery of the name of A. H. Montgomery as indorser of a bank check for the sum of sixty dollars. See page 323 of the twelfth volume of these reports for a full statement of the evidence. The punishment assessed by this last conviction was a two years term in the penitentiary.

The appellant asked for a new trial, upon the grounds:

1. Because the verdict was contrary to the law and the evidence.

2. Because the evidence was insufficient to support a conviction.

3. Because the verdict was a compromise, as set up in the affidavits attached.

Supplemental motion for new trial set up in addition that a new trial should be granted because the court erred in not permitting the defendant's counsel to read in the hearing of the jury, the opinion of the Court of Appeals, on the evidence in a former appeal of this case; because the trial court, knowing that the evidence on this trial was the same as that on the former

trial, and which was held by the Court of Appeals insufficient to sustain a conviction, refused to charge the jury to acquit the defendant.

This motion for a new trial was overruled, and the defendant appealed.

*R. Sarrls* and *C. L. Potter,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. On a former appeal in this case, judgment of conviction was reversed for insufficiency of the evidence. (12 Texas Ct. App., 323.)

Motion for a new trial was made in the court below, based upon two grounds, amongst others, which we propose to notice, viz: 1, misconduct of the jury; 2, insufficiency of the evidence.

With regard to the misconduct of the jury, two affidavits appear of record, in one of which the juror states, in effect, that he was intimidated into consenting to the verdict of guilty, by the charge brought against him by another juror that he, the affiant, had been put upon the jury for the purpose of hanging it. The other affidavit states that the affiants, two in number, agreed to the verdict of guilty because "it was agreed and understood by the jury that the defendant could be, and would, upon the petition of the jury, be pardoned, and that they found him guilty with the understanding that they would all sign such a petition; that the verdict was a compromise one, resting upon the fact of pardon."

As to the first affidavit, we do not believe a juror should be allowed to impeach his verdict in such manner, and to sanction such practice of impeachment would be both improper and dangerous. (*Mercer* v. *The State,* 17 Ga., 175.)

As to the second affidavit, the case of *The State* v. *Walman* is directly in point, and therein it was held: "That evidence will not be admitted to show that one of the jurors in a murder case only agreed to the verdict of guilty on condition that a petition signed by every member of the jury should be addressed to the Governor, asking that the penalty be commuted from death to imprisonment for life." (31 La. Ann., 146.)

We are of opinion that the court did not err in overruling the motion for a new trial, based upon the supposed misconduct of the jury.

On the other hand, we are of opinion, however, that the evi-

dence is wholly insufficient to support the verdict and judgment of conviction. As shown by the record, the evidence is not materially different from what it was on a former appeal. If there be any at all, it is that the State's case is not as strong now as it was then.

Because the evidence is insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 21, 1882.